# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | |
| VANESSA PARRISH, | } | Case No. 23-81396-CRJ-7 |
| | } | |
| | } | |
| Debtor(s). | } | Chapter 7 |
| | } | |
| | | |
| VANESSA PARRISH, | } | |
| | } | |
| Plaintiff(s), | } | |
| | } | AP No.   23-80134-CRJ |
| v. | } | |
| | } | |
| BSFR PROPERTY MANAGEMENT, LLC, | } | |
| | } | |
| Defendant(s). | } | |
| | } | |

## MEMORANDUM OPINION ON AMENDED COMPLAINT

On August 19, 2024, the Court held an evidentiary hearing in the above-captioned Adversary Proceeding to determine whether BSFR Property Management, LLC (hereinafter "BSFR") violated the discharge injunction as alleged in the Amended Complaint filed by Vanessa Parrish (hereinafter the "Debtor"). The Order Scheduling Evidentiary Hearing stated that the Court would schedule a separate hearing on the issue of damages if the Court determined that BSFR violated the discharge injunction.[1]

---

[1] *See* Order Scheduling Evidentiary Hearing, AP ECF No. 42 (hereinafter the "Evidentiary Hearing"). For ease of reference, the Court will refer to pleadings filed in the Adversary Proceeding as "AP ECF No." and to pleadings filed in the Debtor's underlying bankruptcy case as "BK ECF No.".

Appearances were made by Karen White-Humphrey, Esq., counsel for the Debtor, and Eric Johnson, Esq., counsel for BSFR. Once the Evidentiary Hearing began, the Court directed counsel to call their witnesses, but both stated that they did not have any witnesses. Accordingly, the only evidence before the Court are the Exhibits offered by the Debtor (Exhibits A-1 through A-7, B-1 through B-15, and C-1) and the Exhibits offered by BSFR (Exhibits 1 through 6)(hereinafter collectively the "Stipulated Exhibits"). At the conclusion of the Evidentiary Hearing, the Court gave the parties the opportunity to make oral arguments in support of their respective positions, but both declined. With neither party having called any witnesses nor made oral arguments, the Court took the matter under advisement.

The Court has now considered the pleadings, the Stipulated Exhibits, and the applicable law, and makes the following findings of fact and conclusions of law pursuant to Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure.[2]

## PROCEDURAL HISTORY

1. On December 28, 2023, the Debtor filed the Amended Complaint which is now before the Court, generally arguing that BSFR violated the discharge injunction by proceeding with the Debtor's eviction from her home.[3]

2. Thereafter, no action took place in this proceeding until the Court entered an Order on April 14, 2024, dismissing the Adversary Proceeding effective April 24, 2024 unless the Debtor took some action by April 23, 2024 to prosecute her Amended Complaint.[4]

---

[2]	To the extent any of the Court's findings of fact constitute conclusions of law, they are adopted as such. Alternatively, to the extent any of the Court's conclusions of law constitute findings of fact, they are adopted as such.

[3]	Amended Complaint, AP ECF No. 13.

[4]	Order Dismissing Adversary Proceeding Unless Further Action is Taken, AP ECF No. 14.

3. On April 21, 2024, the Debtor filed an Amended Application for Entry of Default.[5] The following day, BSFR filed its Answer to Plaintiff's Amended Complaint ("Answer"), generally denying the allegations asserted.[6] On April 23, 2024, the Debtor moved to strike the Answer, arguing that default judgment should be granted with leave to prove damages based on BSFR's failure to timely file its Answer.[7]

4. On May 6, 2024, the Court held a Status Conference on the Amended Complaint. The following day, the Court entered an Order denying the Debtor's request to strike BSFR's Answer, finding that the requested relief should be denied given that the Debtor also failed to take any action to prosecute her Amended Complaint for approximately four months until the Court issued the Order prompting the Debtor to prosecute this proceeding.[8] Subsequently, the Court entered a Tentative Order Dismissing Adversary Proceeding, (hereinafter the "Tentative Order"), tentatively finding that the Defendant did not violate the discharge injunction.[9] The Tentative Order stated that the Court would enter a final order dismissing this Adversary Proceeding unless either party filed a Response opposing the Court's tentative ruling by May 27, 2024.[10]

5. On May 27, 2024, the Debtor timely filed an Objection to the Court's Tentative Order.[11] Accordingly, the Court entered an Order vacating the Tentative Order and required BSFR to

---

[5]     Amended Application for Entry of Default, AP ECF No. 17.
[6]     Answer to Plaintiff's Amended Complaint AP ECF No. 18.
[7]     Motion to Reject and Strike Defendant's Untimely/Proposed Answer Filed on 4/22/24 Without Timely Filing Any Rule 6 Motion to Extend Time and Motion for Entry of Default and Order to Setting Time to Submit and Determine Damages, AP ECF No. 20.
[8]     Order Denying Plaintiff's Motion to Reject and Strike Defendant's Untimely Proposed Answer and Motion for Default Judgment, AP ECF No. 25.
[9]     Tentative Order Dismissing Adversary Proceeding, AP ECF No. 26.
[10]     *Id.* at ¶¶ 1-3.
[11]     Objection, AP ECF No. 30.

3

file a brief in response.[12]  Later the same day, the Court entered a separate Order requiring the Debtor to file a brief "succinctly" outlining the actions that the Debtor alleges BSFR took in violation of the discharge injunction.[13]

6.  Thereafter, the Debtor filed a sixty page brief "outlining" the actions which the Debtor asserts BSFR took in violation the discharge injunction.[14]  BSFR also timely filed its Brief generally arguing that it did not violate the discharge injunction because it was authorized was to pursue its *in rem* rights as to the leased residential property pursuant to this Court's Order terminating the stay.[15]  After carefully reviewing the Briefs filed by the parties, the Court entered an Order scheduling the Evidentiary Hearing to determine whether BSFR violated the discharge injunction as alleged.

## BACKGROUND AND FINDINGS OF FACT

### Pre-Petition: BSFR filed an Eviction/Unlawful Detainer Action against the Debtor and obtained a Final Order of Possession.

7.  On June 30, 2023, BSFR filed an action for Eviction/Unlawful Detainer against the Debtor (hereinafter the "Unlawful Detainer action") in the District Court of Madison County, Alabama (hereinafter the "State Court") styled *BSFR Property Management, LLC v. Vanessa Parrish*, 47-DV-2023-901815.00, seeking to evict the Debtor from leased residential property located at 391 Jasmine Drive, Madison, Alabama 35757 (hereinafter the "Property") for

---

[12]      Order Vacating Tentative Order Dismissing Adversary Proceeding and Requiring Defendant to File a Brief in Response to the Objection filed by the Plaintiff, AP ECF No. 31.
[13]      Order Requiring Plaintiff to File a Brief, AP ECF No. 32.
[14]      Undisputed Brief (Refiled From 5/27/24) and Succinct Actions Taken by BSFR Since 11/2/23 in Violation of the Discharge Injunction, AP ECF No. 41 (hereinafter "Debtor's Brief").
[15]      Brief in Response to Plaintiff Vanessa Parrish's Objection, AP ECF No. 40.

4

failure to pay rent. BSFR also claimed the sum of $5,238.13 for unpaid rent, plus court costs, late charges, and attorney's fees.[16] The Unlawful Detainer action contained the following statement: "Because of the global COVID-19 pandemic, you may be eligible for temporary protection from eviction under the laws of your State, territory, locality, or tribal area, or under Federal law. Learn the steps you should take now: visit www. cfpb.gov/eviction or call a housing counselor at 800-569-4287."[17] Throughout this proceeding, counsel for the Debtor has repeatedly referred to this language as a "condition precedent" to the Unlawful Detainer action and argued that BSFR engaged in fraud or extortion during the eviction proceeding by trying to force the Debtor to "pretend that BSFR is her landlord" in order to allegedly obtain the federal relief funds referenced above.[18]

8. On July 14, 2023, the Debtor filed an Answer to Landlord's Claim, denying that she owed the amount claimed.[19]

9. Following a trial of the case on July 31, 2023, the State Court entered a Final Order of Possession, finding in favor of BSFR on the possession count of the Unlawful Detainer action.[20]  Although the order is styled "Final Order of Possession," the order did not become final under state law before the Debtor filed her petition.

10. On August 1, 2023, the Debtor filed a post-judgment motion in the State Court arguing, in part, that she did not have a contractual relationship with BSFR and that her landlord, "Conrex Residential Property Group," was the only entity entitled to file an unlawful detainer action.[21]

---

<div style="font-size:small">

[16]    Debtor's Exhibit A-1.
[17]    *Id.*
[18]    Debtor's Brief, AP ECF No. 41, p. 9.
[19]    Answer to Landlord's Claim, Debtor's Exhibit A-2.
[20]    Final Order of Possession, Debtor's Exhibit A-4.
[21]    Post Judgment Motion to Set Aside Order Which Does not Resolve the Issues (Ala. Code Section

</div>

The Debtor further argued that BSFR could not be put in possession of the Property for alleged error.[22] The following day, the Debtor filed another pleading in the State Court, seeking to stay execution of the Final Order of Possession.[23]

### *Post-Petition: This Court lifted the stay to allow the Unlawful Detainer action to proceed in State Court.*

11. On August 6, 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Debtor listed "Conrex" as her landlord on Scheduled G: Executory Contracts and Unexpired Leases.[24] The Debtor also listed "Conrex" as her landlord on Part 2 of her Statement of Intention and stated that she intended to assume the lease."[25] The Court notes that Part 2 of the Statement of Intention only applies to personal property leases and specifically states, "Do Not list real estate leases."[26]

12. The Debtor also listed BSFR Property Management, LLC on Schedule E/F: Creditors Who Have Unsecured Claims, as a general unsecured creditor with a claim in the amount of $5,329.00.   She disclosed the pending Unlawful Detainer action in her Statement of Financial Affairs and described the nature of the case as "Not the landlord. collection. disputed by Debtor. lack of jurisdiction. possible counter claims[.]"[27]

---

35-9A-461(d)), Debtor's Exhibit A-5.
[22]    *Id.*
[23]    Post Judgment Motion to Set Aside Order Which Does not Resolve the Issues (Ala. Code Section 35-9A-461(d)), Debtor's Exhibit A-6.
[24]    Schedule G: Executory Contracts and Unexpired Leases, BK ECF No. 10.
[25]    Statement of Intention, Part 2, BK ECF No. 10.
[26]    *Id.*
[27]    Statement of Financial Affairs for Individuals Filing for Bankruptcy, BK ECF No. 10, ¶ 9.

6

13. On August 16, 2023, BSFR filed a Motion for Relief from Stay, seeking "to proceed with termination of the lease and eviction of the Debtor from the rental property."[28] On August 21, 2023, the Debtor filed a response challenging BSFR's standing to seek relief from the stay.[29] On August 24, 2023, the Debtor filed a Motion seeking to dismiss BSFR's Motion for Relief from Stay and challenging the Fact Summary Sheet filed by BSFR concurrently with its Motion for Relief from Stay.[30] On August 30, 2023, BSFR filed an Amended Fact Summary Sheet, identifying the amount of postpetition default as $1,405.97, plus late charges, court costs, and attorney's fees.[31] The Motion for Relief from Stay and all related pleadings were originally scheduled for hearing on September 6, 2023.

14. On August 22, 2023, the Debtor filed an Emergency Motion for Emergency Relief from Contempt and BSFR's Violation of Automatic Stay ("Emergency Motion"), arguing that BSFR had violated the automatic stay by filing a case status report in the State Court.[32] Following an Emergency Telephonic Hearing held on August 23, 2023, this Court entered an Order denying the Emergency Motion.[33]

---

[28] Motion for Relief from Stay by BSFR Property Management, LLC, BK ECF No. 12, ¶¶ 4 and 5.

[29] *See* Motion to Deny Relief and Objection to Motion for Relief Filed by Person of Interest (BSFR) Based Upon Fraud/Bad Faith and Motion to Strike Fraudulent/False Filing of BSFR, BK ECF No. 17.

[30] Motion to Dismiss BSFR's Motion for Relief – A Non Matter Requiring an Adversary Proceeding and Motion to Otherwise Reject BSFR's Fact Summary Sheet For Failure to Fully Complete and Serve Within 14 Days Prior to the First Hearing on 9/6/23 on BSFR's Moton for Relief, BK ECF No. 23.

[31] Amended Fact Summary Sheet for Motion for Relief from Automatic Stay or for Adequate Protection in Chapter 7 and 13 Cases, BK ECF No. 27.

[32] Emergency Motion for Emergency Relief from Contempt and BSFR's Violation of Automatic Stay, BK ECF No. 19.

[33] Order Denying Emergency Motion for Emergency Relief from Contempt and BSFR's Violation of Automatic Stay Without Prejudice, BK ECF No. 22.

15. On September 5, 2024, BSFR moved to continue the hearing on its Motion for Relief from Stay, to allow the parties additional time to discuss possible settlement.[34] The Court approved the continuance and rescheduled the hearing for October 6, 2023.[35]

16. On September 22, 2023, the Chapter 7 Trustee filed a Report of No Distribution, abandoning any and all property of the estate that was scheduled in the bankruptcy schedules and unadministered as of the date of her report pursuant to Rule 5009 of the Federal Rules of Bankruptcy Procedure.[36]

17. On October 2, 2023, BSFR filed a Response to Debtor's Motion to Dismiss BSFR's Motion for Relief From Stay, stating that Conrex Property Management, LLC had assigned its rights, duties, and obligations as the owner of the Property to BSFR.[37] The following day, the Debtor filed a Response/Second Motion to Strike False Statements of BSFR and Untimely Documents/Request for Attorney Fees ("Second Motion to Strike"), arguing that BSFR was attempting to interfere with and take over a lease to which it had no rights.[38] The Debtor further argued that Conrex Residential Property Group 2016-03 Operating Company, LLC is the true owner of the Property, not Conrex Property Management LLC, nor BSFR. The Court notes that the Debtor's Residential Lease Agreement lists "Conrex Property Management, LLC" as the Landlord/Owner.[39]

---

[34] Motion to Continue, BK ECF No. 29.
[35] Order Approving Motion to Continue Hearing on Motion for Relief from Stay, BK ECF No. 30.
[36] Report of No Distribution, BK ECF No. 35.
[37] Response to Debtor's Motion to Dismiss BSFR's Motion for Relief From Stay, BK ECF No. 36.
[38] Response/Second Motion to Strike False Statements of BSFR and Untimely Documents/Request for Attorney Fees, BK ECF No. 38.
[39] Motion to Reconsider, Debtor's Exhibit B-4.

18. On October 4, 2023, the Motion for Relief from Stay and all related pleadings came before the Court for hearing. During the hearing, counsel for the Debtor could not represent to the Court that the Debtor was current on her post-petition payments under the lease, regardless of whether the payments were owed to BSFR, Conrex Residential Property Group 2016-03 Operating Company, LLC, or any other entity. Following the hearing, the Court entered an Order on Motion for Relief From Stay, terminating the automatic stay based on the continuing postpetition default to allow the parties to proceed with the pending Unlawful Detainer action.[40]

19. On October 19, 2023, the Debtor filed a Motion to Alter and/or Amend Judgment, arguing that the Court had lifted the stay in error, that BSFR was not entitled to relief from the stay to pursue the Debtor in State Court, and that the Debtor's true landlord had not sought relief from the stay.[41] The Debtor subsequently filed another pleading styled "New Request for Stay of Protection from Creditor (BSFR) Proceeding in an [sic] State Action on a Debt Listed in Debtor's Bankruptcy Scheduled for Discharge," arguing that BSFR filed an Application for Writ of Possession in the District Court on October 19, 2023 "in an attempt to revive a **debt** (in a dismissed State Court case) listed in Debtor's bankruptcy that is scheduled for a discharge in violation of Debtor's right to discharge listed debts."[42]

20. Following a hearing held on November 15, 2023, the Court entered an Order Denying Motion to Alter or Amend Judgment and Motion to Stay Proceedings in State Court, finding that the

---

[40] Order on Motion for Relief From Stay, BK ECF No. 41.
[41] Motion to Alter and/or Amend Judgment, BK ECF No. 51.
[42] Debtor's New Request for Stay of Protection from Creditor (BSFR) Proceeding in a State Action on a Debt Listed in Debtor's Bankruptcy Scheduled for Discharge, BK ECF No. 53, ¶ 1.

bankruptcy estate no longer had any interest in the Debtor's leasehold interest.[43] The Order states that "[t]his matter involves a two-party dispute between the Debtor and BSFR Management, LLC which the Court has lifted the stay to allow the parties to proceed in state court."[44]

21. Thereafter on November 27, 2023, the Court entered the Debtor's Chapter 7 Order of Discharge.[45]

### *Post-Discharge: BSFR Obtained an Order on Writ of Possession, Evicted the Debtor, and Dismissed All Remaining Claims.*

22. On November 22, 2023, just days after this Court denied the Debtor's Motion to Alter or Amend and Motion to Stay Proceedings in State Court, the Debtor filed the above-captioned Adversary Proceeding, alleging that BSFR violated the automatic stay by obtaining a Writ of Possession from the State Court.

23. On November 27, 2023, the Debtor filed a document in the State Court styled "*Case Status in Bankruptcy Case 23-80134 and Adversary Proceeding Case No. 23-80134 and Res Judicata,*" generally arguing that this Court had lifted the stay to allow the Debtor to pursue an action against BSFR to enforce her rights under the lease.[46] BSFR also filed a response in the State Court, stating, in part, that it was not seeking any monetary relief nor pre-petition

---

[43]     Order Denying Motion to Alter or Amend Judgment and Motion to Stay Proceedings in State Court, BK ECF No. 58.

[44]     *Id.*

[45]     Order of Discharge, BK ECF No. 61.

[46]     Case Status in Bankruptcy Case 23-80134 and Adversary Proceeding Case No. 23-80134 and Res Judicata, Debtor's Exhibit B-1.

10

damages against the Debtor and that it only sought "to take possession of its property."[47]

24. On November 28, 2023, the State Court entered an Order on Writ of Possession, denying the Debtor's motion to quash the Writ of Possession. The Order states, in part, as follows:

> The writ of possession was properly issued by the clerk's office and is due to be executed. The [Debtor's] attorney represented that there is not presently any other order issued after the bankruptcy court lifted the stay that would prohibit the writ of possession from being executed forthwith.[48]

25. After the State Court issued the Order on Writ of Possession authorizing BSFR to proceed with the eviction, the Debtor filed a Motion to Reconsider in which she once again argued that BSFR had misrepresented that the Debtor's true landlord had merely changed its name to BSFR. The Debtor argued that her landlord never sought nor received relief from the stay to proceed with the eviction and that the Bankruptcy Court only lifted the stay for BSFR and the Debtor "to proceed in State Court (civil or criminal) where they may pursue the issues as they chose to."[49]

26. Thereafter, the Debtor filed multiple pleadings in State Court arguing that BSFR was in contempt. On December 3, 2023, the Debtor filed a pleading styled "*In re: Vanessa Parrish (Debtor) Day 7 of Contempt and Interrogation of Debtor's Partially Nude Minor Child at 391 Jasmine Drive, Madison, Alabama 35757 After Entry of 11/27/23 Bankruptcy Discharge Order and Permanent Injunction*" wherein she stated that someone had entered her home on November 30, 2023, "terrorizing, interrogating, startling and threatening [Debtor's] minor child about this case, about the matters made the basis of the discharge injunction and Debtor's

---

[47] Plaintiff's Objection and Opposition and Motion to Strike Case Status filed November 27, 2023, Debtor's Exhibit B-2.
[48] Order on Writ of Possession, Debtor's Exhibit B-3.
[49] Motion to Reconsider, Debtor's Exhibit B-4, ¶ 14.

(his mother) responses to [BSFR's] litigation, and then left out the front door."[50] On December 7 2023, the Debtor filed another pleading styled "*Day 11 of Contempt of the 11/27/23 Bankruptcy Order and Permanent Injunction*," informing the State Court that BSFR had evicted the Debtor on December 5, 2023.[51] On December 8, 2023, the Debtor filed a pleading styled "*Day 12 of Contempt of the 11/27/23 Bankruptcy Order and Permanent Injunction*," arguing that she was continuing to perform under her lease because Conrex had forwarded a bill for utilities to the Debtor through an automated payment app, Simple Bills, which she paid on December 1, 2023.[52] On December 10, 2023, the Debtor filed a similar pleading styled "*Day 14 of Contempt of the 11/27/23 Bankruptcy Order and Permanent Injunction*," arguing that BSFR entered the Property on December 5, 2023 and removed her belongings to the street.[53]

27. After failing to receive relief from the possession judgment in State Court, the Debtor filed a Verified Request for Rule 65 and 7065 Emergency Temporary Restraining Order in this Court on December 10, 2023, seeking an order declaring that the Writ of Possession obtained by BSFR in the Unlawful Detainer action was void.[54]

---

[50] In re: Vanessa Parrish (Debtor) Day 7 of Contempt and Interrogation of Debtor's Partially Nude Minor Child at 391 Jasmine Drive, Madison, Alabama 35757 After Entry of 111/27/23 Bankruptcy Discharge Order and Permanent Injunction, Debtor's Exhibit B-6.
[51] Day 11 of Contempt of the 11/27/23 Bankruptcy Order and Permanent Injunction, Debtor's Exhibit B-8.
[52] Day 12 of Contempt of the 11/27/23 Bankruptcy Order and Permanent Injunction, Debtor's Exhibit B-9.
[53] Day 14 of Contempt of the 11/27/23 Bankruptcy Order and Permanent Injunction, Debtor's Exhibit B-10.
[54] Verified Request for Rule 65 and 7065 Emergency Temporary Restraining Order, AP ECF No. 4.

28. Following an emergency hearing held on December 18, 2023, this Court entered an Order finding that the Debtor failed to show cause why a restraining order should be entered.[55] On December 19, 2023, the Court entered a separate Order Fixing Deadline to File Amended Complaint or Dismiss Adversary Proceeding, finding that the stay terminated in the Debtor's case pursuant to 11 U.S.C. § 362(c)(2)(C) after the Debtor received her Chapter 7 discharge.[56] Accordingly, the Court directed counsel for the Debtor either to file an Amended Complaint or to dismiss the above-styled Adversary Proceeding by December 29, 2024.

29. On December 19, 2023, BSFR filed a Motion to Dismiss Any Remaining Claims (hereinafter the "Motion to Dismiss") in the State Court, wherein BSFR stated that "[n]othing within this motion to dismiss is meant to be, nor shall it be interpreted or construed by the [Debtor] nor her Counsel to be an attempt to collect any pre-petition debt within the [Debtor's] Bankruptcy case mentioned previously without this case, nor is it an attempt to violate any Bankruptcy Court Order, nor collect any debt of the [Debtor] that has been duly discharged via the bankruptcy case mentioned here within, nor is this an attempt to disturb or modify any matter previously disposed of within the Bankruptcy Court or this Court."[57] The following day, the State Court entered an Order granting BSFR's Motion to Dismiss.[58]

---

[55] Order Denying Emergency Motion for Temporary Restraining Order, AP ECF No. 8
[56] Order Fixing Deadline to File Amended Complaint or Dismiss Adversary Proceeding, AP ECF No. 9.
[57] Plaintiff's Motion to Dismiss Any Remaining Claims, Debtor's Exhibit B-12, ¶ 2.
[58] Order, Debtor's Exhibit B-14.

13

## CONCLUSIONS OF LAW

The automatic stay is a federal injunction which arises automatically by operation of law the moment a debtor files a bankruptcy petition. The automatic stay prohibits the continuation of prepetition collection actions and stops all pending lawsuits. Thus, a lessor of residential property is generally enjoined from taking any further action in a pending eviction action the moment a debtor files bankruptcy. To proceed with any pending litigation, the lessor must obtain relief from the stay under § 362(d)(1) pursuant to which the bankruptcy court may grant such relief by terminating, annulling, or modifying the stay "for cause, including the lack of adequate protection of an interest in property[.]"[59] If the court finds that cause exists to lift or terminate the stay based on the debtor's post-petition default, *i.e.* lack of adequate protection, the lessor will be entitled to proceed *in rem* to obtain possession of the property, but not to recover any unpaid rent as a personal liability of the debtor.

In this case, the Court entered an order terminating the automatic stay based on the Debtor's postpetition default to allow the parties to proceed in the State Court with BSFR's pending Unlawful Detainer action.[60] Subsequently, this Court denied the Debtor's request to alter or amend the order and to stay the State Court proceedings.[61] Accordingly, BSFR was entitled to proceed *in rem* with the Unlawful Detainer action against the Property. When this Court entered the Debtor's Chapter 7 discharge on November 27, 2023, the Debtor was still residing in the

---

[59] 11 U.S.C. § 362(d)(1).
[60] Order on Motion for Relief from Stay, BK ECF No. 41.
[61] Order Denying Motion to Alter or Amend Judgment and Motion to Stay Proceedings in State Court Action, BK ECF No. 58.

Property.[62] As will be discussed further below, the Order of Discharge did not stay or otherwise affect the *in rem* eviction proceeding.

A Chapter 7 debtor receives a discharge pursuant to § 727(b) "from all debts that arose before the date of the order for relief" *i.e.* all prepetition debts, plus "any liability on a claim . . . under section 502 . . . as if such claim had arisen before the commencement of the case[.]"[63] In turn, § 502(g) of the Bankruptcy Code states that "a claim arising from the rejection, under § 365 of this title . . . of an executory contract or unexpired lease of the debtor that has not been assumed shall" be allowed or disallowed "the same as if such claim had arisen before the date of the filing of the petition."[64] Thus, any claim for postpetition rent arising from the rejection of an unexpired lease is treated as a prepetition claim under § 502(g) and discharged under § 727(b).

In this case, the Debtor stated in her Statement of Intention that she intended to assume the lease at issue. Nevertheless, the lease was actually deemed rejected by operation of law pursuant to § 365(d)(1) which states that "if the trustee does not assume or reject an executory contract or unexpired lease of residential real property . . . within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected."[65] It is undisputed that the Chapter 7 Trustee in this case did not assume the Debtor's unexpired residential lease. Thus, any claim for postpetition rent in this case was treated as a prepetition claim under § 502(g) and discharged.

---

[62]     Order of Discharge, BK ECF No. 61.
[63]     11 U.S.C. § 727(b).
[64]     11 U.S.C. § 502(g)(1).
[65]     11 U.S.C. § 365(d)(1).

Section 524(a)(2) of the Bankruptcy Code states that the discharge "operates as an injunction against . . . an act . . . to recover any debt as a *personal liability* of the debtor."[66] If a creditor violates the discharge injunction, a bankruptcy court may exercise its authority under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out" the injunction, including imposing civil contempt sanctions "to coerce the defendant into compliance."[67] The Eleventh Circuit has explained that "[t]ogether, sections 524(a)(2) and 105(a) 'authorize a court to impose civil contempt sanctions [for attempting to collect a discharged debt] when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order.'"[68]

To sanction a creditor for violating the discharge injunction in the Eleventh Circuit, the Court "must find that: (1) the creditor attempted to collect a discharge debt and (2) 'there was no fair ground of doubt as to whether the discharge order barred' the creditor's conduct."[69] A violation of the discharge injunction may be found if the Court determines that "the objective effect of the creditor's action is to pressure a debtor to repay a discharged debt."[70] A debtor has the burden of establishing that a creditor violated the discharge injunction by clear and convincing evidence.[71]

Because neither party in this case called any witnesses during the Evidentiary Hearing nor made oral arguments, the Court has had to carefully examine the Stipulated Exhibits and Briefs filed by the parties to determine what actions the Debtor asserts were taken by BSFR between the

---

[66] 11 U.S.C. § 524(a)(2)[emphasis added].

[67] *Roth v. Nationstar Mortgage, LLC (In re Roth)*, 935 F.3d 1270, 1275 (11th Cir. 2019).

[68] *Id.*(quoting *Taggart v. Lorenzen,* 139 S.Ct. 1795, 1801, 204 L.Ed.2d 129 (2019)).

[69] *Grant-Carmack v. Carmack (In re Grant-Carmack)*, 2024 WL 1433714 *3 (11th Cir. 2024).

[70] *In re Roth*, 935 F.3d at 1276 (quoting *In re McLean*, 794 F.3d 1313, 1322 (11th Cir. 2015)).

[71] *Knight v. People Bank (In re Knight)*, 2023 WL 2728769 *3 (Bankr. S.D. Ga. 2023).

discharge date, November 27, 2023, and December 19, 2023, the date BSFR moved to dismiss the Unlawful Detainer action, in violation of the discharge injunction.

In her Brief, the Debtor argues that BSFR played a "waiting game" during this twenty-two day period of time to see whether the Debtor "would pay the money as alleged in the DV action in order to be allowed back into her leased home."[72]  In support of her argument, the Debtor cites the case of *In re Terrell,* 614 B.R. 300 (Bankr. N.D. Ill. 2020) in which the bankruptcy court found that a condominium association violated the discharge injunction by reinstating an action to evict a Chapter 7 debtor, post-discharge, to collect prepetition assessments as a personal liability of the debtor even though the debtor had paid all postpetition assessments. The bankruptcy court explained that the association's statutory lien for the unpaid prepetition assessments remained as lien against the debtor's unit which was subject to foreclosure under state law. However, the association could only pursue eviction to collect the prepetition assessments if the debtor remained personally liability for the assessments. The bankruptcy court in that case stated that it is clear that a creditor may exercise its *in rem* rights against property without violating the discharge injunction. However, by seeking to evict the debtor so the unit could be rented until the association's lien for prepetition assessments was satisfied, the association violated the discharge injunction by seeking to collect debtor's discharged prepetition debt.[73]

Here, the Debtor argues that BSFR was playing a similar waiting game but fails to acknowledge that she was delinquent on her postpetition rent payments, unlike the debtor in *Terrell* who was current on all postpetition assessments. Further, the Court finds that *In re Terrell* does not support the Debtor's assertions in this case because "the land-lord-tenant relationship and the

---

72    Debtor's Brief, AP ECF No. 41, p. 36
73    *In re Terrell,* 614 B.R. 300, 304 (Bankr. N.D. Ill. 2020).

association-unit owner relationship are not analogous."[74] "[U]nlike an order of possession in favor of a landlord, . . . an order of possession in favor of an association is intended to be temporary, not permanent, 'with possession eventually returning to the unit owner.'"[75] Further, "the relationship between a landlord and tenant is purely contractual and terminates upon breach" whereas "the relationship between [a] condominium owner and [its] board of managers is statutory and ongoing."[76]

It is clear that a creditor may exercise its *in rem* rights against property owned or leased by a debtor without violating the discharge injunction provided the creditor does "not attempt to collect the debt as a personal liability" of the debtor "by seeking money damages."[77] Thus, "a lawsuit to collect prepetition or postpetition rent based on a prepetition lease that was rejected is barred because the rent claim has been discharge."[78] For example, in the case of *Bruce v. Fazilat,* the bankruptcy court lifted the stay to allow a lessor to proceed with an unlawful detainer action against a Chapter 7 debtor to recover possession of leased residential property, but denied the lessor's request to also seek a money judgment for postpetition rent and attorney fees.[79] Subsequently, the state court entered a judgment for possession of the property, plus awarded the lessor monetary damages for accrued rent.[80] Although the bankruptcy court in that case declined to impose sanctions under the particular circumstances of the case, the court explained that its

---

[74]    *In re Syed,* 659 B.R. 750, 755 (Bankr N.D. Ill 2024).
[75]    *Id.*
[76]    *Id.*
[77]    4 Collier on Bankruptcy ¶ 524.02(a)(2) (16th ed. 2024).
[78]    *Id.*
[79]    *Bruce v. Fazilat (In re Bruce),* 2018 WL 3424851 (Bankr. C.D. Cal. 2018).
[80]    *Id.* at *3.

decision not to impose sanctions in no way disturbed its finding that the money judgment was void pursuant to § 524(a)(1).[81]

Here, postpetition, BSFR did not seek nor obtain an award for money damages against the Debtor. Although the Unlawful Detainer action originally included a request for damages when BSFR filed the action prepetition, BSFR has not taken any actions post-discharge to obtain a money judgment *in personam* against the Debtor or to prosecute its initial request for damages. Indeed, on November 27, 2023, the day the Debtor received her discharge, BSFR filed an Objection and Opposition and Motion to Strike "Case Status" filed November 27, 2023, in the State Court in which BSFR stated "No monetary Relief nor pre-petition damages was sought nor awarded, as previously made clear. [BSFR] only seeks to take possession of its property, was [sic] awarded at trial."[82]

Although the Debtor appears to argue that BSFR violated the discharge inunction by not immediately dismissing the Unlawful Detainer action after she received her discharge on November 7, 2023 and was waiting to see if she "would pay the money as alleged in the DV action in order to be allowed back into her leased home,"[83] it is undisputed that the Debtor remained in the Property until she was evicted from her home on December 5, 2023. Thereafter, BSFR timely moved to dismiss the action on December 19, 2023.[84]

The Debtor further argues that the discharged debt is "forever kept, alive" because BSFR moved to dismiss the Unlawful Detainer action "without prejudice."[85] However, the Debtor fails

---

81    *Id.* at *4.
82    BSFR Exhibit 4.
83    Debtor's Brief, AP ECF No. 41.
84    BSFR Exhibit 6.
85    Debtor's Brief, AP ECF No. 41.

Case 23-80134-CRJ    Doc 45    Filed 09/27/24    Entered 09/27/24 15:56:56    Desc Main
Document      Page 19 of 22

to recognize that BSFR stated in its Motion to Dismiss Any Remaining Claims that "Nothing within this motion to dismiss is meant to be, nor shall it be interpreted or on construed by the Defendant nor her Counsel to be an attempt to collect any pre-petition debt filed within the Defendant's Bankruptcy case . . . nor is it an attempt to violate any Bankruptcy Court Order, nor collect any debt of the Defendant that has been duly discharged via the bankruptcy case[.]"[86] Dismissal without prejudice did not violate the discharge injunction, nor somehow keep the discharged debt forever alive. As this Court has clearly stated, any debt for prepetition or postpetition rent has been discharged pursuant to § 727(b).

To the extent the Debtor appears to argue that BSFR was not entitled to proceed with the eviction because her personal liability for the prepetition rent was discharged, the Debtor fails to recognize that the Court lifted the automatic stay to allow the Unlawful Detainer action to proceed based, *inter alia*, on the Debtor's continuing failure to pay postpetition rent pursuant to 11 U.S.C. § 362(d)(1). While the Debtor's personal liability for accrued postpetition rent has now been discharged pursuant to § 727(d), the Debtor's lease was deemed rejected pursuant to § 365(d)(1). "Upon rejection, the lease is no longer part of the estate, and the non-debtor party to the contract may generally pursue state law remedies for breach of contract, including eviction for breach of lease."[87] Thus, courts have held that "section 365 authorizes landlords to pursue the state law remedy of eviction with respect to rejected leases where the tenant fails to fulfill the covenant to pay rent."[88] Other courts have explained that while a debtor's underlying personal liability for unpaid rent is discharged, the "discharge only prevents a creditor from proceeding against the

---

[86]    BSFR Exhibit 6.
[87]    *In re Watson*, 610 B.R. 47, 757-758 (Bankr. S.D.N.Y. 2020).
[88]    *Id.* at 758.

debtor on the debt as a personal liability."[89] The discharge "does not eliminate any of the other consequences of that debt."[90]

Finally, to the extent the Debtor continues to argue that BSFR is not her landlord, that BSFR offered "relief through www.cfph.gov/eviction (as shown on the face of the state court Complaint . . .) to cure . . . any lease deficiency,"[91] and generally challenges BSFR's standing to prosecute the Unlawful Detainer action, the Court finds that the Debtor's arguments are unpersuasive because this Court lifted the stay for such State law landlord/tenant issues to be decided by the State Court. If the Debtor was not satisfied with the outcome in the State Court action, her remedy was to appeal the State Court's order of possession.

## CONCLUSION

Based on the foregoing, the Court finds that the Debtor has failed to establish by clear and convincing evidence that BSFR took any action between the discharge date and December 19, 2023 which had an objective effect of pressuring the Debtor to repay a discharged debt. The Debtor failed to provide legal authority or meaningful evidence that the eviction action to obtain possession of the Property constituted an attempt to collect a debt as a personal liability of the Debtor that was discharged in her Chapter 7 case. Even if this Court were to find that BSFR somehow violated the discharge injunction by any of the actions as alleged by the Debtor, which it has not, the Court still would have found that BSFR had an objectively reasonable basis to believe that it could proceed with the actions taken because this Court terminated the automatic stay to allow the Unlawful Detainer action to proceed.[92]

---

[89] *Oak Summit Apartments v. Rush (In re Rush)*, 9 B.R. 197, 200 (Bankr. E.D. Pa. 1981).
[90] *Id.*
[91] Debtor's Brief, AP ECF No. 41.
[92] *Grant-Carmack v. Carmack (In re Grant-Carmack)*, 2024 WL 1433714 *3 (11th Cir. 2024).

The Court will enter a separate Order in conformity with this Memorandum Opinion.

**IT IS SO ORDERED** this the 27th day of September 2024.

<div align="right">

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

</div>